NOT DESIGNATED FOR PUBLICATION

No. 128,304

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT LYNN THORNTON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Logan District Court; KEVIN BERENS, judge. Submitted without oral argument. Opinion filed December 19, 2025. Sentences vacated and remanded with directions.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.

Before CLINE, P.J., BRUNS and COBLE, JJ.

PER CURIAM: Scott Lynn Thornton appeals the Logan County District Court's imposition of sentence after remand from this court. Thornton contends that the district court erred in reclassifying him with a criminal history score of C when this court mandated a criminal history score of D and that the State violated its plea agreement in failing to recommend concurrent sentencing during resentencing.

Pertinent to this appeal are the following facts. In 2021, the State charged Thornton with 27 counts of sexual exploitation of a child for possession of child pornography. Thornton negotiated a plea agreement with the State to plead guilty to two

1

counts of sexual exploitation of a child in exchange for the dismissal of the remaining counts. Thornton entered guilty pleas to two counts of sexual exploitation of a child, and the district court accepted his pleas. Thornton was provided notice of his registration requirements under the Kansas Offender Registration Act.

At the sentencing hearing, the court classified Thornton with a criminal history score of C without objection from either party. Defense counsel indicated that he had anticipated a criminal history score of D but did not object to the district court's classification. As part of its sentencing recommendations, the State acknowledged that the plea agreement included concurrent sentencing.

The district court rejected the penalty recommendation of the plea agreement, doubling the aggravated penalty within the applicable grid box to impose a prison term of 120 months for the base offense and 68 months for the nonbase offense. The court ordered the two sentences to run concurrently, for a controlling prison term of 120 months.

Thornton appealed his sentences, challenging the district court's criminal history classification and application of the persistent sex offender sentencing rule. We then issued an opinion in *State v. Thornton*, No. 126,134, 2024 WL 658591, *10 (Kan. App. 2024) (unpublished opinion) *rev. denied* 319 Kan. 836 (2024), vacating Thornton's sentence and remanding the case for resentencing. That opinion specified that "Thornton's criminal history consists of one person felony and no nonperson felony— *changing Thornton's criminal history from C to D*." (Emphasis added.) 2024 WL 658591, at *6.

On remand, at the resentencing hearing, the district court inexplicably again identified Thornton's criminal history score as C, although neither party objected. The district court imposed a prison term of 60 months for the base offense, followed by

lifetime postrelease supervision. The court imposed a consecutive prison term of 34 months for the secondary offense. Defense counsel objected to the court's imposition of consecutive sentencing, both because the appellate court mandate did not implicate the secondary offense and because the plea agreement anticipated concurrent sentencing. The district court rejected both arguments, noting that the appellate court mandate applied to both sentences and that it was not bound by sentencing recommendations of the parties.

Thornton again appeals his sentences.

Thornton first contends that the district court failed to implement the appellate court mandate when it again classified Thornton with a criminal history score of C. Thornton acknowledges that the issue was not raised in the district court but contends the issue is properly considered by the appellate court without preservation because it involves an illegal sentence and a question of law on settled facts.

As this court discussed in *Thornton*, Thornton can challenge his criminal history score at any time, including the first time on appeal. 2024 WL 658591, at *2. Although framed as compliance with the appellate court mandate, Thornton seeks to correct a criminal history score that this court already determined was incorrect. 2024 WL 658591, at *6.

The district court is required to comply with an appellate mandate. See K.S.A. 20-108 (requiring district courts "to carry the judgment or decree of the appellate court into execution; and the same shall be carried into execution by proper proceedings, by such district court, according to the command of the appellate court made therein") and K.S.A. 60-2106(c) (directing that the appellate court mandate "shall be controlling in the conduct of any further proceedings necessary in the district court"). See *State v. McMillan*, 319 Kan. 239, 257, 553 P.3d 296 (2024).

At the resentencing hearing after remand, the district court again classified Thornton with a criminal history score of C. The State did not file a brief explaining why a criminal history score of C was appropriate despite this court's ruling in *Thornton*. As such, this court has nothing to counter the obvious conclusion that the district court did not comply with the appellate court's mandate.

The resentencing is vacated, and this case is remanded for a second resentencing consistent with this court's mandate regarding the scoring of Thornton's criminal history. Considering this remand, Thorton's argument that the State violated the plea agreement by failing to recommend concurrent sentencing at resentencing is moot. See *State v. Phipps*, 320 Kan. 616, 619, 570 P.3d 1240 (2025) (defining mootness and finding that "once a court determines that an issue is moot, jurisdiction over that issue or question ends."), *reh. granted* October 17, 2025. Because a remand is already required, Thornton is obtaining the relief he requests irrespective of this court's conclusion about the State's compliance with the plea agreement.

Accordingly, we again vacate Thornton's sentences and remand this case for a second resentencing based upon a criminal history score of D.

Sentences vacated and remanded with directions.